IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE HARRINGTON, | ) | Case No. 4:14-cv-03171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ANSWER OF DEFENDANTS |
| | ) | JIM PESCHONG, TOM CASADY |
| THE NEBRASKA LIQUOR CONTROL | ) | AND RUSSELL FOSLER |
| COMMISSION, THE CITY OF LINCOLN, | ) | |
| NEBRASKA, a municipal corporation, and TOM | ) | |
| CASADY, JIM PESCHONG, JOHN SPATZ, | ) | |
| RUSSELL FOSLER, and HOBERT RUPE, | ) | |
| individually, and in their official capacities as | ) | |
| employees of the City of Lincoln and the State of | ) | |
| Nebraska, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Defendants, Jim Peschong, Tom Casady and Russell Fosler, and for answer to Plaintiff's Amended Complaint states, alleges, and avers as follows:

1.      Defendants admit that Plaintiff was denied a liquor license by the Nebraska Liquor Commission for the night club Smooth located at 1640 O Street in Lincoln, Nebraska. The Defendants deny any remaining portions of paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendants neither admit nor deny the allegations in paragraphs 2 and 3 of Plaintiff's Amended Complaint for lack of knowledge.

3.      Defendants admit that Plaintiff owns, runs and operates the website www.MelissaMidwest.com.  Defendants neither admit nor deny the remaining allegations in paragraph 4 of Plaintiff's Amended Complaint for lack of knowledge.

4.      Defendants neither admit nor deny the allegations in paragraph 5 of Plaintiff's Amended Complaint for lack of knowledge.

5.      Defendants neither admit nor deny the allegations in paragraph 6 of Plaintiff's Amended Complaint for lack of knowledge.

6.      Defendants neither admit nor deny the allegations in paragraph 7 of Plaintiff's Amended Complaint for lack of knowledge.

7.      Defendants deny paragraphs 8 and 9 of Plaintiff's Amended Complaint.

8.      Defendants neither admit nor deny the allegations in paragraph 10 of Plaintiff's Amended Complaint for lack of knowledge.

9.      Defendants admit that Plaintiff leased property located at 1640 O Street, Lincoln, Nebraska.  Defendants deny any remaining portions of paragraph 11 of Plaintiff's Amended Complaint.

10.     Defendants deny paragraph 12 of Plaintiff's Amended Complaint.

11.     Defendants neither admit nor deny the allegations in paragraph 13 of Plaintiff's Amended Complaint for lack of knowledge.

12.     Defendants neither admit nor deny the allegations in paragraph 14 of Plaintiff's Amended Complaint for lack of knowledge and these allegations are directed at the Nebraska Liquor Commission.

13.     Defendants neither admit nor deny the allegations in paragraph 15 of Plaintiff's Amended Complaint for lack of knowledge.

14.     Defendants admit that Defendant Peschong is the current Chief of the Lincoln Police Department; however, Defendant Peschong was not Chief of Police at the time Plaintiff applied for or was denied a liquor license.  Defendants admit that Defendant Peschong did respond to an email sent from Plaintiff.  Defendants deny any remaining portions of paragraph16 of Plaintiff's Amended Complaint.

15.   Defendants deny paragraph 17 of Plaintiff's Amended Complaint.

16.   Defendants admit that Defendant Casady responded to an email from Plaintiff. Defendants deny any remaining portions of paragraph 18 of Plaintiff's Amended Complaint.

17.   Defendants deny paragraph 19 of Plaintiff's Amended Complaint.

18.   Defendants admit that the internet is not a "public place" within the meaning of the ordinance.  Defendants deny any remaining portions of paragraph 20 of Plaintiff's Amended Complaint.

19.   Defendants deny paragraphs 21 and 22 of Plaintiff's Amended Complaint.

20.   Defendants admit that the Nebraska Liquor Commission did grant a liquor license to David Bader on September 26, 2012, and the license did include a limitation that "Shane Harrington and Brandy Kroesee be barred from the premises."  Defendants deny any remaining portions of paragraph 23 of Plaintiff's Amended Complaint.

21.   Defendants neither admit nor deny the allegations in paragraphs 24 through 46 of Plaintiff's Amended Complaint for lack of knowledge and these allegations are directed at the Nebraska Liquor Commission.

22.   Defendants deny paragraph 47 of Plaintiff's Amended Complaint.

23.   Defendants admit that paragraphs 48 through 55 are accurate quotes pulled from the cases cited; however, Defendants deny that the cited quotes stand for the propositions that Plaintiff alleges and therefore deny paragraphs 48 through 55 of Plaintiff's Amended Complaint.

24.   Defendants neither admit nor deny the allegations in paragraph 56 of Plaintiff's Amended Complaint.

25.   Defendants admit paragraph 57 of Plaintiff's Amended Complaint.

26.     Defendants admit that City of Lincoln is a municipal corporation founded in Nebraska that operates the Lincoln Police Department.  Defendants deny that the City of Lincoln operates the City Council and any remaining allegations in paragraph 58 of Plaintiff's Amended Complaint.

27.     Defendants admit Defendant Casady was the Chief of Police of the Lincoln Police Department at the time of Plaintiff's application and denial of the liquor license, but is no longer Chief of Police.  Defendants deny any remaining allegations in paragraph 59 of Plaintiff's Amended Complaint.

28.     Defendants admit that Defendant Peschong is the current Chief of Police of the Lincoln Police Department, but deny that he was the chief at the time of Plaintiff's application and denial of the liquor license and any remaining allegations in paragraph 60 of Plaintiff's Amended Complaint.

29.     Defendants admit that Defendant Fosler was a police officer employed by the Lincoln Police Department at the time of Plaintiff's application and denial of the liquor license; however, Defendant Fosler is currently retired from the Lincoln Police Department.  Defendants deny any remaining allegations in paragraph 61 of Plaintiff's Amended Complaint.

30.     Defendants admit paragraphs 62 through 67 of Plaintiff's Amended Complaint.

31.     Defendants deny paragraph 68 of Plaintiff's Amended Complaint.

32.     Defendants admit that Plaintiff was given notice and hearing before City Council, which Plaintiff availed himself of.  Defendants further admit that Plaintiff was given notice and a hearing before the Nebraska Liquor Commission.  Plaintiff had the right to appeal the Nebraska Liquor Commission's ruling; however, Plaintiff did not avail himself of that administrative

remedy.  Defendants neither admit nor deny the remaining allegations in paragraphs 69 through 71 of Plaintiff's Amended Complaint for lack of knowledge.

33.     Defendants deny paragraph 72 of Plaintiff's Amended Complaint.

34.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 72 in answer to paragraph 73 of Plaintiff's Amended Complaint.

35.     Defendants admit paragraphs 74 through 76 of Plaintiff's Amended Complaint.

36.     Defendants deny paragraphs 77 through 81 of Plaintiff's Amended Complaint.

37.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 81 in answer to paragraph 82 of Plaintiff's Amended Complaint.

38.     Defendants deny paragraphs 83 through 87 of Plaintiff's Amended Complaint.

39.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 87 in answer to paragraph 88 of Plaintiff's Amended Complaint.

40.     Defendants deny paragraphs 89 through 92 of Plaintiff's Amended Complaint.

41.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 92 in answer to paragraph 93 of Plaintiff's Amended Complaint.

42.     Defendants admit paragraphs 94 through 95 of Plaintiff's Amended Complaint are a correct statement of the law; however, Defendants deny that Defendants violated the statute.

43.     Defendants deny paragraph 96 of Plaintiff's Amended Complaint.

44.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 96 in answer to paragraph 97 of Plaintiff's Amended Complaint.

45.     Defendants admit paragraph 98 of Plaintiff's Amended Complaint.

46.     Defendants deny paragraphs 99 through 102 of Plaintiff's Amended Complaint.

47.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 102 in answer to paragraph 103 of Plaintiff's Amended Complaint.

48.     Defendants admit paragraph 104 of Plaintiff's Amended Complaint.

49.     Defendants admit that Plaintiff leased property located at 1640 O Street, Lincoln, Nebraska.  Defendants deny any remaining portions of paragraph 105 of Plaintiff's Amended Complaint.

50.     Defendants deny paragraphs 106 through 110 of Plaintiff's Amended Complaint.

51.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 110 in answer to paragraph 111 of Plaintiff's Amended Complaint.

52.     Defendants admit paragraph 112 of Plaintiff's Amended Complaint.

53.     Defendants neither admit nor deny the allegations in paragraph 113 of Plaintiff's Amended Complaint for lack of knowledge.

54.     Defendants deny paragraphs 114 through 117 of Plaintiff's Amended Complaint.

55.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 117 in answer to paragraph 118 of Plaintiff's Amended Complaint.

56.     Defendants deny paragraphs 119 through 122 of Plaintiff's Amended Complaint.

57.     Defendants restate any admissions, denials, and/or allegations previously provided above as answers to the paragraphs 1 through 122 in answer to paragraph 123 of Plaintiff's Amended Complaint.

58.     Defendants admit paragraph 124 of Plaintiff's Amended Complaint.

59.     Defendants deny paragraphs 125 through 128 of Plaintiff's Amended Complaint.

<u>AFFIRMATIVE DEFENSES</u>

60.     Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

61.     Plaintiff's Amended Complaint fails to state facts sufficient to constitute any cause of action against the defendants to include, but not be limited to:

a.     Defendants are not responsible for any alleged violation of the Plaintiff's federally guaranteed rights;

b.     Defendants acted in good faith towards Plaintiff at all times and in all respects;

c.     The alleged deprivation of any of Plaintiff's constitutional rights was not the result of any action or inaction taken by Defendants.

62.     Defendant affirmatively alleges pursuant to the Nebraska Political Subdivisions Tort Claims Act:

a.     That the Defendant is immune from suit for the allegations found in Plaintiff's Amended Complaint for the reason that any claim alleged in the Amended Complaint is based upon the denial of any license.

b.     That the Defendant is immune from suit for the allegations found in Plaintiff's Amended Complaint for the reason that any claim alleged in the Amended Complaint is based

upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision.

      c.      That the Defendant is immune from suit for the allegations found in Plaintiff's Amended Complaint for the reason that any claim alleged in the Amended Complaint arises out of an abuse of process, liable, slander, misrepresentation, or interference with contract rights.

63.      Plaintiff lacks standing to allege any privacy violation.

64.      Plaintiff's claims are barred by the doctrine of qualified immunity.

65.      Plaintiff failed to mitigate his damages, if any.

66.      Plaintiff failed to exhaust his administrative remedies.

67.      Defendants affirmatively allege that Plaintiff has failed to show any causal connection between Plaintiff's alleged damages and Defendants' actions.

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed at Plaintiff's costs.

                                          TOM CASADY, JIM PESCHONG, and
                                          RUSSELL FOSLER, Defendants

                                          JEFFERY R. KIRKPATRICK, City Attorney
                                          ELIZABETH D. ELLIOTT, Assistant City
                                          Attorney

By:    */s/Elizabeth D. Elliott*
                                          Elizabeth D. Elliott, Bar No. 22890
                                          555 South 10th Street, Suite 300
                                          Lincoln, NE 68508
                                          402-441-7290
                                          eelliott@lincoln.ne.gov

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  The foregoing document was sent electronically to:  Hugh I. Abrahamson, Jill M. Abrahamson, Evan Spencer, Attorneys for Plaintiff.

                                     By:     */s/Elizabeth D. Elliott*
                                                Elizabeth D. Elliott, Bar No. 22890