IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE HARRINGTON and KALI RECORDS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | 4:14CV3171 |
| v. | ) ) ) | |
| CITY OF LINCOLN, NEBRASKA, a municipal corporation, and TOM CASADY, JIM PESCHONG, and RUSSELL FOSLER, individually and in their official capacities as employees of the City of Lincoln and the State of Nebraska, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the motion of defendants, City of Lincoln, Nebraska, a municipal corporation, Tom Casady, Jim Peschong, and Russell Fosler, individually, and in their official capacities as employees of the City of Lincoln (collectively "defendants") to dismiss (Filing No. 60) the Third Amended Complaint (Filing No. 57) pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed by the parties. *See* Filing Nos. 62, 66, 69. After review of the motion, briefs, and relevant case law, the Court finds as follows.

## BACKGROUND

In this action, plaintiff Shane Harrington and his business, Kali Records, LLC (herein after referred to as "plaintiff" singular) allege various constitutional and state law violations against defendants. Plaintiff's claims arise from the denial of his liquor license.[1] Following the filing and amending of his initial complaint, defendants sought dismissal under Federal Rule of Civil Procedure 12(b)(6). Filing No. 15. Instead of responding to defendants' motion, plaintiff sought to amend his complaint a second time. Filing No. 17. The Court denied plaintiff's motion to amend. Filing No. 24 at 17. Following the Court's order on February 6, 2015, granting in part and denying in part defendants' motion to dismiss (Filing No. 15) in which certain parties and causes of action were removed, the plaintiff sought again to amend their complaint. Filing No. 34. The Court granted plaintiff's motion to amend on May 13, 2015. In the Third Amended Complaint,[2] plaintiff brings causes of

---

[1] As this is the Court's second order pertaining to a motion to dismiss and because the facts giving rise to the causes of action alleged are essentially the same as previously outlined, the Court will not again undertake a full recitation of the facts. For a complete factual background *see* the Court's February 6, 2015, order (Filing No. 24).

[2] The parties refer to the complaint at issue in the present motion as the "Third Amended Complaint." The Court notes that because plaintiff's motion to amend his complaint a second time was initially denied by the Court in its February 6th order, the complaint to which the parties refer is technically the second amended complaint. However, for consistency with the pleadings, the Court will refer to the complaint at issue here as the "Third Amended Complaint."

action under 42 U.S.C. § 1983 for (1) First Amendment Violations; (2) Fourteenth Amendment Due Process Violations; (3) Fourteenth Amendment Equal Protection Violations; (4) Privacy Violations under the Fourth, Ninth, and Fourteenth Amendments; (5) Negligent Hiring, Training and Supervision; and lastly (6) a state law claim for Tortious Interference with Business Relationships. Defendants again seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants argue the complaint ought to be dismissed against the officers based on qualified immunity, and ought to be dismissed against the City of Lincoln because the plaintiff "fails to show that the alleged constitutional violations were the result of an unconstitutional policy or custom of the City." (Filing No. 62 at 5-6).

## MOTION TO DISMISS STANDARD

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires a court "to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Federal Rule of Civil Procedure 8 requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 677-78) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Braden*, 588 F.3d at 591, 595. In viewing the facts in this light, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978). Recitations of elements of a cause of action with mere conclusory statements fail to meet Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 678. However, plaintiff may use legal conclusions to provide the framework of a complaint, so long as factual allegations support those legal conclusions. *Id.* at 678-79. Thus, a dismissal is likely "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 589 F.2d at 306.

**DISCUSSION**

1. PLAINTIFF'S SECOND AND FIFTH CAUSES OF ACTION

Plaintiff's Third Amended Complaint asserts six causes of action, presumably against each of the four defendants. The Court concludes that plaintiff's Second Cause of Action for Violations of Due Process under the Fourteenth Amendment and Fifth Cause of Action for Tortious Interference with Business Relationships should be dismissed as to all defendants under Federal Rule of Civil Procedure 12(b)(6) as discussed below.

A. PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff's second cause of action alleges "Fourteenth Amendment Due Process Violations." (Filing No. 57 at 25). The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV § 1. Plaintiff argues he was denied due process based on the lack of a "full and fair" hearing when he was denied his liquor license, and that the denial itself was not "reasonable and founded on a rational basis." (Filing No. 57 at 26). Although a reading of the Third Amended Complaint would likely lead the Court to conclude that plaintiff's claim is one of procedural and not substantive due process, the Court need not make this determination as the first requirement for either a substantive or procedural due process claim is the establishment

of a protected liberty or property interest. *See* Filing No. 57 at 25-26. *See also Richardson v. Nebraska State Patrol*, No. 8:08CV211, 2008 WL 3823716 at *1 (D. Neb. Aug. 11, 2008) (citing *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n.7 (8th Cir. 1999) (en banc)).

"'To establish a violation of procedural due process, a plaintiff must show that he has been deprived of a constitutionally protected life, liberty, or property interest.'" *Mulvenon v. Greenwood*, 643 F.3d 653, 657 (8th Cir. 2011) (quoting *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1114 (8th Cir. 2009)); *see also Richardson*, 2008 WL 3823716 at *1 (explaining "claims regarding the right to *either* procedural or substantive due process must begin with identification of a protected liberty or property interest.") (emphasis added). Nothing within the Third Amended Complaint reveals that plaintiff is claiming a depravation of either life or liberty. Plaintiff must therefore show he was deprived of a constitutionally protected property interest. When a constitutionally protected property interest is lacking, a due process violation cannot be established. *See Mulvenon*, 643 F.3d at 657. Protected property interests are "'determined with reference to state law.'" *Brian v. Westside Community School District*, No. 8:05CV484, 2006 WL 2375482 at *6 (D. Neb. Aug. 14, 2006) (quoting *Bishop v. Wood*,

426 U.S. 341, 344, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976)); *see also Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) ("Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.").

Turning then to the issue of whether a liquor license creates a protected property interest under Nebraska state law, the Nebraska Supreme Court has conclusively held that "a liquor license is a purely personal privilege, does not constitute property, and vests no property rights in a licensee." *Bali Hai', Inc. v. Nebraska Liquor Control Commission*, 236 N.W.2d 614, 618 (Neb. 1975), *see also* Neb. Rev. St. § 53-149 (2015). Thus, Nebraska law leaves plaintiff without an argument concerning a property interest in a liquor license. Because plaintiff cannot assert a constitutionally protected property interest in a liquor license, his due process claim, whether procedural or substantive, will be dismissed.

B.   PLAINTIFF'S FIFTH CAUSE OF ACTION

Plaintiff's fifth cause of action alleges tortious interference with business relationships. *See* Filing No. 57 at 29-31. Under Nebraska law, a claim for tortious interference with business relationships is established when five elements are met. *See Huff v. Swartz*, 606 N.W.2d 461, 466 (Neb. 2000). These elements are: "(1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted." *Huff*, 606 N.W.2d at 466 (internal citations omitted). Based on the required elements and the facts alleged in the Third Amended Complaint, the Court finds plaintiff has failed to state a claim upon which relief can be granted with regard to the fifth cause of action. Plaintiff's tortious interference with business relationships claim will be dismissed as to all defendants.[3]

---

[3] This cause of action was dismissed against the City of Lincoln in the Court's February 6, 2015, order as violation of the Nebraska Political Subdivisions Tort Claims Act (Neb. Rev. Stat. § 13-092). For the complete discussion, *see* Filing No. 24 at 12-13. *See also Malone v. Omaha Housing Authority*, No. 4:09CV3208, 2011 WL 1435257 at *3 (D. Neb. April 14, 2011); *Hatcher v. Bellevue Volunteer Fire Dept.*, 628 N.W.2d 685, 697 (Neb. 2001).

2. REMAINING CAUSES OF ACTION

A. AS TO THE CITY OF LINCOLN, CHIEF CASADAY AND CHIEF PESCHONG

Other than the causes of action dismissed above, the Court finds that the allegations contained in the Third Amended Complaint satisfy the procedural requirements to overcome a motion to dismiss with respect to the City of Lincoln, Chief Tom Casaday, and Chief Jim Peschong. Defendants claim qualified immunity should be applied, relieving the police officers of liability. The Court disagrees at this time and finds that plaintiff's Third Amended Complaint satisfies Rule 8's standard and sufficiently pleads a violation of clearly established statutory or constitutional rights of which a reasonable person would have known. *See Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). The Court likewise disagrees with defendants that the Third Amended Complaint "fails to show that the alleged constitutional violations were the result of an unconstitutional policy or custom of the city." (Filing No. 62 at 5-6). While the Court agrees that no policy of the City has been properly pled, plaintiff's contentions are enough to overcome the motion to dismiss standard with regards to a custom. *See Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, (1997) ("[A]n act performed pursuant to a

'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.") (citing *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 668, 690-91 (1978)). The City of Lincoln, Chief Casaday, and Chief Peschong's motion to dismiss causes of action one (First Amendment Violations), three (Equal Protection Violations of the Fourteenth Amendment), four (Privacy Violations of the Fourth, Ninth, and Fourteenth Amendments), and six (Negligent Hiring, Training, and Supervision) will therefore be denied at this time.

    B.    AS TO OFFICER FOSLER

As indicated above, it is unclear from the face of plaintiff's Third Amended Complaint whether every cause of action alleged applies to every and all named defendants. *See generally* Filing No. 57. To the extent that the Third Amended Complaint alleges negligent hiring, training, and supervision against officer Fosler, the Court finds that such a claim should be dismissed. No fact or facts provided in the Third Amended Complaint provide the Court any basis to believe that officer Fosler has or had any authority to hire, train, or supervise. *See Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 806-07, 806

nn.9-10 (8th Cir. 1994). Therefore, plaintiff's sixth cause of action will be dismissed as to defendant Russell Fosler.

　　　　IT IS ORDERED:

　　　　1) Defendants' motion to dismiss plaintiff's first cause of action is denied as to all defendants.

　　　　2) Defendants' motion to dismiss plaintiff's second cause of action is granted. Plaintiff's Fourteenth Amendment Due Process Violations are dismissed as to all defendants.

　　　　3) Defendants' motion to dismiss plaintiff's third cause of action is denied as to all defendants.

　　　　4) Defendants' motion to dismiss plaintiff's fourth cause of action is denied as to all defendants.

　　　　5) Defendants' motion to dismiss plaintiff's fifth cause of action is granted. Plaintiff's allegations of tortious interference with business relationships are dismissed as to all defendants.

　　　　6) Defendants' motion to dismiss plaintiff's sixth cause of action is denied as to the City of Lincoln, Nebraska, Chief Tom Casaday, and Chief Jim Peschong and granted as to Officer Russell Fosler. Plaintiff's allegations of negligent

hiring, training and supervision, are dismissed as to Officer Fosler.

DATED this 23rd day of September, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court