IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON and KALI RECORDS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LINCOLN, NEBRASKA, a municipal corporation, TOM CASADY, JIM PESCHONG, and RUSSELL FOSLER, individually, and in their official capacities as employees of the City of Lincoln, <br><br> Defendants. | Case No. 4:14-cv-03171 <br><br><br> PROTECTIVE ORDER |

This matter is before the Court for consideration on parties' Joint Stipulation for Protective Order. The Court finds that the parties are engaged in discovery which may involve, among other things, the production or disclosure of information deemed confidential. Accordingly, the Court finds that this Protective Order should be and hereby is granted as follows:

FACTS

1. The records requested by the Plaintiffs include the Defendants' employee and personnel records.

2. The records are confidential because they contain personal information of the Defendants and their employees.

PROTECTIVE ORDER

The Court hereby enters a Protective Order with the following terms:

1) **Confidential Information.** This Protective Order applies to all Confidential Information produced by a party in this case, whether revealed in a document, deposition, an interrogatory answer or otherwise. All documents and every portion thereof

1

produced by the Defendants or that relate to or contain the Defendants' and their employees' employment and personnel files shall constitute CONFIDENTIAL information for the purposes of this Order and shall be used by the receiving party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever. The CONFIDENTIAL information shall not be used or Disclosed by Plaintiffs' Attorneys, or anyone else for any purpose unrelated to this litigation or for any business or competitive purpose. Disclosure other than as provided for herein shall first require written consent of the Producing Party, or by order of the Court. Plaintiffs' Attorneys shall maintain a list of documents disclosed and to whom. Plaintiff's Attorneys shall also require anyone receiving confidential documents to agree to the terms of this Agreement. Should Plaintiffs and/or their Attorneys question whether documents designated as Confidential Documents are truly confidential, they should first contact the Producing Party to resolve the issue. If the issue cannot be resolved, Plaintiffs' Attorneys may petition the Court for an order declaring that the document is not subject to the conditions of this Protective Order. The Plaintiffs' Attorneys shall be responsible for instructing witnesses, consultants, and outside counsel assisting in preparation of the case that disclosure of the Confidential Documents is prohibited as set forth herein.

    2) **Qualified Recipients.** For the purposes of this Order, persons authorized to receive "CONFIDENTIAL" information (hereinafter "qualified recipient") shall include **only:**

(a)     The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

(b)     Legal counsel representing the Defendants and legal counsel representing the Plaintiffs, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

(c) Consulting or testifying expert witnesses assisting any legal counsel in the preparation of this case and staff and assistants employed by the consultant or testifying expert;

(d) The parties' insurers and their staff and assistants, members, officers, board members, directors or other legal representatives;

(e) The Court, and Court staff, and any court reporter or typist recording or transcribing testimony, and jurors;

(f) Any mediator retained by the parties in an effort to mediate and/or settle the claims of this action and members of the mediator's staff and assistants.

3) **Maintenance of Confidentiality.** CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. Each party, each qualified recipient, and all counsel representing any party, shall use their best efforts to maintain all produced CONFIDENTIAL information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

4) **Copies.** CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court. However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL information under the terms of this Order.

5) **Filing Under Seal.** All documents of any nature (including any of the foregoing documents as well as any other documents, including, but not limited to, briefs, motions, memoranda, transcripts, and the like) that are filed with the Court for any purpose and that contain CONFIDENTIAL information shall be filed in sealed envelopes or other sealed containers marked with the title of the action and generally identifying each document and thing therein, and bearing a statement substantially in the following form:

CONFIDENTIAL - DO NOT OPEN WITHOUT ORDER OF THE COURT

For the convenience of the parties, the Clerk, and the Court, any filing containing both CONFIDENTIAL information and non-confidential material may be filed entirely under seal.

6) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:

(a) Only qualified recipients may be present at a deposition in which CONFIDENTIAL information is disclosed or discussed.

(b) All testimony elicited during a deposition at which CONFIDENTIAL information is disclosed or discussed is deemed to be CONFIDENTIAL information.

(c) Material designated as Confidential may be used at a nonparty deposition only if necessary to the testimony of the witness.

7) **Trial.** Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

8) **Return or Destruction of Documents.** Upon final termination of this proceeding, including all appeals, each party shall make reasonable efforts to destroy all materials

containing CONFIDENTIAL information.  If the party is unable to destroy all materials, the materials shall be returned to the Defendants or their counsel.  This Protective Order shall survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

9) **Modification.**  This Order is entered without prejudice to the right of any party to apply to the Court for additional protective, or to modify, relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

10) **Additional Parties to Litigation.**  In the event additional parties are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

IT IS ORDERED this 13th day of January, 2016.

BY THE COURT:

*/s/ Lyle E. Strom*
LYLE E. STROM, Senior Judge
United States District Court