IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3171 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LINCOLN, NEBRASKA, a | ) | MEMORANDUM AND ORDER |
| Municipal Corporation, and | ) | |
| TOM CASADY, JIM PESCHONG, and | ) | |
| RUSSELL FOSLER, individually | ) | |
| and in their official | ) | |
| capacities as employees of | ) | |
| the City of Lincoln, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the plaintiffs Shane Harrington and Kali Records, LLC's, (hereinafter "plaintiff" singular) motion to strike (Filing No. 91). The matter has been fully briefed by the parties. *See* Filing Nos. 92, 95, and 98. After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

Plaintiff filed suit on August 20, 2014 (Filing No. 1). On August 21, 2014, plaintiff filed an amended complaint (Filing No. 4). On February 6, 2015, after the dismissal of two parties, the Court denied plaintiff's motion to amend. *See* Filing No. 24. After the dismissal of additional parties and claims, plaintiff again sought to amend (Filing No. 34). The Court granted

plaintiff's motion (Filing No. 36). In response to defendants' motion to dismiss, plaintiff filed an opposition and a cross motion to file a "Third Amended Complaint." (Filing No. 44). On June 30, 2015, the Court granted plaintiff leave to file his Third Amended Complaint (Filing No. 54). The Court's order stated "[o]n plaintiff's stipulation that no further amendments will be made the Court will allow the plaintiff to file his Third Amended Complaint." (*Id.* at 1) (internal citations omitted).

Following the filing of his Third Amended Complaint and another motion to dismiss by defendants, plaintiff filed a motion to "Disqualify Counsel and Declare Lincoln Municipal Ordinance 17757 Unconstitutional." (Filing No. 63). The Court "construed [plaintiff's motion] as an improper attempt to amend the complaint" and denied the motion (Filing No. 81).

On November 13, 2015, the Court held a planning conference. The plaintiff indicated to the Court that no additional amendments to the pleadings were needed. The Court thereafter issued an "Amended Final Progression Order" on November 16, 2015 (Filing No. 83).

Plaintiff now asks the Court to strike "portions of . . . [the] Third Amended Complaint . . . pertaining to physical and emotional distress, as they were inadvertently and unintentionally left in the [Third Amended Complaint] . . . ."

(Filing No. 92 at 1).  Plaintiff's motion also requests "that the Interrogatories and Rule 34 discovery requests pertaining to [p]laintiff's medical history 'since birth' be stricken . . . ." (*Id.* at 3-4).

**LAW**

    **A. Motions to Strike Under Federal Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court "may act on its own; or on motion made by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading."  *Id.*  A district court "enjoys 'liberal discretion'" in the determination of a motion to strike. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation omitted).  "Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted."  *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal citations omitted).

    **B. Motions for Protective Orders Under Federal Rule 26(c)**

Federal Rule of Civil Procedure 26(c) allows:

> [a] party or any person from whom
> discovery is sought . . . [to] move
> for a protective order . . . .  The

>       motion must include a certification
>       that the movant has in good faith
>       conferred or attempted to confer
>       with other affected parties in an
>       effort to resolve the dispute
>       without court action.  The court
>       may, for good cause, issue an order
>       to protect a party or person from
>       annoyance, embarrassment,
>       oppression, or undue burden or
>       expense . . . .

Fed. R. Civ. P. 26(c).

**DISCUSSION**

Plaintiff requests the Court to strike any and all portions of the Third Amended Complaint "pertaining to physical and emotional distress, as they were inadvertently and unintentionally left in . . . after the Second Amended Complaint was amended." (Filing No. 1 at 1). Plaintiff argues his intentional infliction of emotional distress claim was "specifically removed," that he does not seek monetary damages for physical or emotional distress, and "[a]ny potential monetary recovery . . . is greatly outweighed by the invasion of privacy and inconvenience" in turning over years of medical records. (*Id.*)

In response, defendants claim the plaintiff is "really asking the Court to amend [the] [c]omplaint . . . [or] essentially ask[ing] the [C]ourt to enter a protective order

. . . ." (Filing No. 95 at 1-2). Defendants ask the Court to deny plaintiff's motion as untimely, unnecessary, and improper. *See* Filing No. 95.

The Court finds plaintiff's motion should be denied. Plaintiff's motion is untimely. Furthermore, although brought as a motion to strike under Fed. R. Civ. P. 12(f), it is clear plaintiff seeks to strike references to physical and emotional distress within his complaint in order to avoid turning over his medical records through the discovery process. A motion to strike under Rule 12(f) is not the appropriate vehicle to obtain the relief plaintiff seeks.

A motion to strike is likewise not an alternative means to amend a complaint. The Court notes the numerous opportunities plaintiff has had to amend his complaint to remove "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court will thus deny plaintiff's motion to strike.

In the event plaintiff seeks a protective order under Rule 26(c), the Court will also deny plaintiff's motion. Because plaintiff has failed to provide "a certification that [he] has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," the Court finds plaintiff has not complied with the

clear textual language of Rule 26(c).  Therefore, the Court will deny plaintiff's motion for a protective order at the present time.

In the event plaintiff seeks to amend his complaint, the motion is likewise denied.  The parties have made it clear to the Court no additional amendments are needed.  Furthermore, the Court has been clear that further amendments would not be tolerated.  Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to strike is denied.

2) Construed as a motion for a protective order, plaintiff's motion is denied.

3) Construed as a motion to amend, plaintiff's motion is denied.

DATED this 4th day of March, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court